## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DIVISION OF PENNSYLVANIA
## READING DIVISION

IN RE:  JENNIFER CHAHINE          :      Bankruptcy No. 17-10385-REF
                                          :
                                          :      Chapter 13
                 Debtor               :

### FIRST AMENDED CHAPTER 13 PLAN

The Debtor submits the following Chapter 13 Plan and makes the following declarations:

I.      **PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE:**

The Debtor submits the following to the supervision and control of the Trustee:

1.      Payment period:  Monthly

        Length of Plan (in months):  60 months

        Ditech Financial: $20,615.79

        City of Allentown: $295.25

        Amount to be paid to Lynn E. Feldman, Esq.: $1,810.00

        Amount of Plan: $25,250.00

        Amount of monthly payments:  $300.00 per month for 18 months, then $473.00 per month for 42 months.

2.      Payor to be:  Debtor
3.      Other property:  None.

II.      **TREATMENT OF CLAIMS**

4.      Class one: Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to **priority** under 11 U.S.C. § 507, including: none

        Trustee to receive:  Statutory Allowances

        Attorney's fees to be paid through the Plan:  $1,810.00

5.      Class one: Secured creditors will retain their liens until their allowed secured claims are paid in full, and shall be deemed to have accepted this plan unless they object to the plan.

> A.  The claim of Ditech is delinquent. The arrears shall be paid in the plan  and the regular payments shall be made outside the Plan.

6.      Allowed unsecured claims not otherwise referred to in the Plan shall be treated as follows: Allowed general unsecured claims **timely** shall be paid pro rata from Plan payments. Any non-exempt proceeds shall be paid into the Plan to creditors. Late filed claims will not be paid in the Plan.

### III.    OTHER PROVISIONS

7.      The value, as of the date of the filing of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

8.      The Debtor will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtor of the income and property the Debtor proposes to use to complete this Plan.  The Debtor is reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan. The Plan has been proposed in good faith and not by any means forbidden by law.

### IV.    <u>REVESTMENT OF THE PROPERTY IN DEBTOR</u>

9.      Property of the estate shall revest in the Debtor upon Plan Confirmation. Holders of allowed secured claims shall retain their liens until the allowed claim is paid in full by debtors.

Dated: _6/22/17_                    _/s/ Lynn E. Feldman_
                                    LYNN E. FELDMAN, ESQUIRE